**Jeff WEIMER, Plaintiff–Appellee,**

v.

**MAHONING COUNTY,
et al., Defendants,**

**Deputies BONACCI and Altomare,
Defendants–Appellants.**

No. 00–3534.

United States Court of Appeals,
Sixth Circuit.

Feb. 20, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges, and COLLIER,* District Judge.

---

\* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

PER CURIAM.

Two Mahoning County Deputy Sheriffs, Christopher Bonacci and Randy Altomare, appeal from the district court's order denying their request for qualified immunity in an action filed by plaintiff Jeff Weimer under the provisions of 42 U.S.C. § 1983.

The defendants contended, first, that because exigent circumstances justified the warrantless entry into Weimer's home, the deputies should have been accorded the protections of qualified immunity from liability on Weimer's claim of illegal entry. The district court ruled that the defendants' actions could not be excused on the basis of the exigent circumstances exception to the warrant requirement and therefore denied summary judgment to the defendants on that claim.

The officers also claimed that they had consent to enter the premises. Because the facts regarding the legality of the officers' entry into the plaintiff's residence on the basis of consent were in dispute, the district court declined to extend qualified immunity to the officers on this basis and thus denied summary judgment.

In addition, the court denied summary judgment to the defendants on the plaintiff's claim of excessive force, finding that "[v]irtually all of the events in question leading to the plaintiff's arrest are in dispute" and concluding that "[i]t is not possible for this court to determine, with such divergence of facts, whether the officers' safety was threatened or whether the plaintiff did indeed resist arrest." The officers concede that the excessive force claim presents a purely factual question and is not properly before us. Hence, the

only issue before us concerns the legality of the warrantless entry.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in its rulings. Because the reasons for denial of qualified immunity on the question of exigent circumstances have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Moreover, because genuine issues of material fact remain to be resolved regarding any consent to enter the residence, we are presently without jurisdiction to review that claim. *See Johnson v. Jones,* 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). We therefore AFFIRM that portion of the district court's opinion denying summary judgment on the basis of exigent circumstances, DISMISS that portion of the appeal related to the question of consent, and REMAND this matter to the district court for further proceedings.